UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11767 INVIERNO DR. TRUST DATED 01/19/2018, U.S. FINANCIAL L.P., AS TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD SYNNOTT; APRIL SYNNOTT; and DOES 1-10, INCLUSIVE<br><br>Defendants. | 37-02018-00010136-CL-UD-CTL<br><br>Case No.: 18-cv-0599-BTM-NLS<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>**ECF NO. 4** |

Plaintiff Invierno Dr. Trust Dated 01/19/2018, U.S. Financial L.P., has filed a motion to remand this case back to state court. (ECF No. 4). For the reasons discussed below, the Court grants Plaintiff's motion.

I. **BACKGROUND**

On February 27, 2018, Plaintiff filed its Complaint against Defendants Richard Synott and April Synott in the Superior Court of the State of California, County of San Diego, Central Division. (ECF No. 1, Exh. A). Plaintiff alleged a cause of action of unlawful detainer pursuant to California Code of Civil Procedure

§ 1161. *Id.*

On March 22, 2018, Defendants removed the action to this court based on federal question jurisdiction, arguing that "Plaintiff's claim is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201." (ECF No. 1).

On March 23, 2018, Plaintiff filed its motion to remand the case back to state court, arguing lack of both diversity and federal question jurisdiction (ECF No. 4). Defendants failed to file any response to Plaintiff's motion.

## II. DISCUSSION

Under the "well-pleaded complaint rule," federal question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). This rule makes a plaintiff the "master of his complaint" and allows him to "avoid federal jurisdiction by relying exclusively on state law." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Upon review of the complaint, it is clear that no federal question jurisdiction exists. The unlawful detainer action filed against Defendants arises under state law and does not require resolution of a substantial question of federal law. *See U.S. Bank Nat'l Ass'n v. Lasoff*, 2010 WL 669239 (C.D. Cal. Feb. 23, 2010) (holding that unlawful detainer action did not raise a federal question); *HSBC Bank USA, NA v. Valencia*, 2010 WL 546721 (E.D. Cal. Feb. 10, 2010) (remanding unlawful detainer action); *Wells Fargo Bank, Nat'l Ass'n v. Cencil*, 2010 WL 2179778 (N.D. Cal. May 27, 2010) (granting motion to remand unlawful detainer action).

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand this action to the Superior Court of California, County of San Diego.[1] Further, "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court GRANTS Plaintiff just costs and actual expenses incurred as a result of Defendants' unsubstantiated removal. Barring a showing of good cause, Defendants may not file for removal of this action again. If Defendants file for removal without good cause, they may be sanctioned for contempt.

IT IS SO ORDERED.

Dated: May 25, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court

---

[1] Defendants do not argue that diversity jurisdiction exists, and there is no evidence that there is diversity of citizenship.